IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

HANNAH COKER and ALLISON JOHNSON,
on behalf of themselves and all others similarly
situated,

      Plaintiffs,

v.

ZURICH AMERICAN INSURANCE COMPANY,
a foreign corporation; AMERICAN ZURICH
INSURANCE COMPANY, a foreign corporation;
and THE ZURICH SERVICES CORPORATION, a
foreign corporation,

      Defendants.

---

## COMPLAINT AND JURY DEMAND

---

      Plaintiffs HANNAH COKER ("Coker") and ALLISON JOHNSON ("Johnson")

(collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, complain as

follows:

## INTRODUCTION

      This action is brought on behalf of all Customer Care Professionals, including Customer

Care Professionals and Customer Support Consultants, and all others performing similar duties

holding comparable positions, however variously titled ("CCPs") employed by Defendants

ZURICH AMERICAN INSURANCE COMPANY; AMERICAN ZURICH INSURANCE

COMPANY; and THE ZURICH SERVICES CORPORATION (collectively "Defendants" or

"Zurich") at any location in the United States where CCPs worked, including Colorado and

Florida. Zurich failed to pay CCPs for all of their straight-time and overtime hours worked, including but not limited to, while booting up their computers each day, loading necessary software, and reviewing emails and other documents prior to their scheduled start times; during work during uncompensated meal breaks; and after the end of their scheduled shifts ("Uncompensated Work").

## NATURE OF THE ACTION

1.      Plaintiffs allege on behalf of themselves and other current and former CCPs who worked for Defendants in the United States at any time on or after September 16, 2013 and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) ("FLSA Collective"), that they are: (i) entitled to unpaid wages from Defendants for all overtime hours, worked, including overtime premium pay as required by law; and (2) entitled to liquidated damages and attorneys' fees and costs pursuant to the FLSA.[1]

2.      Plaintiffs further allege entitlement to all straight-time and overtime wages, statutory penalties, liquidated damages, and attorneys' fees and costs, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and other current and former CCPs who worked for Defendants in Colorado at any time within the applicable statute of limitations, pursuant to the Colorado Wage Claim Act, C.R.S.A. § 8-4-101 *et seq.,* ("Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S.A. § 8-6-101 *et seq.*, as implemented by the applicable Colorado Wage Order ("CWO") set forth at 7 CCR § 1103-1 *et seq.* (the "Colorado Class").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

---

[1]      The parties entered into an agreement ("Tolling Agreement") to toll the statute of limitations for Plaintiffs and all other CCPs on any claims arising under the FLSA or analogous state wage and hour laws, effective September 16, 2016.

4.     This Court has jurisdiction over the asserted Colorado Class claims pursuant to 28 U.S.C. § 1332(d) and the Class Action Fairness Act ("CAFA").  The parties are diverse and the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

5.     This Court also has jurisdiction over the asserted Colorado Class claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims that they form part of the same case or controversy.

6.     Upon information and belief, at least one member of the Colorado Class is a citizen of a state different from that of Defendants, and at least one member of the Colorado Class has claims which value in excess of $75,000, including damages, statutory damages, fees and costs.

7.     The claims of Plaintiffs and the members of the FLSA Collective and Colorado Class involve matters of national and/or interstate interest.

8.     Defendants do business in and are subject to personal jurisdiction in this District.

9.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District inasmuch as Plaintiffs reside in and worked for Defendants in this District, and the violations occurred in this District.

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11.     Each Defendant is a covered employer within the meaning of the FLSA, the Wage Claim Act and the CWO, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## THE PARTIES

**Plaintiffs**

### *Plaintiff Hannah Coker*

12.     Plaintiff Hannah Coker was, at all relevant times, an adult individual over the age of eighteen (18), residing in Edgewater, Colorado.

13.     Plaintiff Coker was employed by Defendants from approximately December 2012 until March 2014, as a CCP at Defendants' call center in Colorado Springs, Colorado.

14.     Coker regularly worked more than 40 hours in a workweek, but was not paid for all hours she worked over 40.

15.     On average, throughout her employment with Defendants, Coker worked approximately two to four or more additional overtime hours per week, for which she was not compensated.

16.     Defendants failed to keep accurate records of the hours that Coker worked as a CCP.

17.     Plaintiff Coker's consent to join this action is attached hereto as Exhibit A.

### *Plaintiff Allison Johnson*

18.     Plaintiff Allison Johnson was, at all relevant times, an adult individual over the age of eighteen (18), residing in Fountain, Colorado.

19.      Plaintiff Johnson was employed by Defendants from approximately January 2015 until May 2015, as a CCP at Defendants' call center in Colorado Springs, Colorado.

20.     Johnson regularly worked more than 40 hours in a workweek, but was not paid for all hours she worked over 40.

21.     On average, throughout her employment with Defendants, Johnson worked approximately two or more additional overtime hours per week, for which she was not compensated.

22.     Defendants failed to keep accurate records of the hours that Johnson worked as a CCP.

23.     Plaintiff Johnson's consent to join this action is attached hereto as Exhibit B.

**Defendants**

*Defendant Zurich American Insurance Company*

24.     Upon information and belief, Defendant Zurich American Insurance Company is a foreign corporation with its principal place of business located at 1400 American Lane Tower 2, Floor 5, Schaumburg, IL 60196.  Zurich American Insurance Company "is a leading commercial property-casualty insurance provider with more than 100 years of service to [their] customers." https://www.zurichna.com/

*Defendant American Zurich Insurance Company*

25.     Upon information and believe, Defendant American Zurich Insurance Company is a foreign corporation with its principal place of business located at 1299 Zurich Way, Schaumburg, IL, 60173.  American Zurich Insurance Company is a subsidiary of Swiss insurance conglomerate Zurich Insurance Group.  American Zurich Insurance Company, which represents its parent's North America Commercial unit, is a leading provider of commercial property/casualty insurance in the United States and Canada.

*Defendant The Zurich Services Corporation*

26.     Upon information and belief, Defendant The Zurich Services Corporation is a foreign corporation with its principal place of business located at 1400 American Lane, Schaumburg, IL 60196.

27.     Defendants Zurich American Insurance Company, American Zurich Insurance Company, and The Zurich Services Corporation operate as a common enterprise such that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA and state law, such that they are jointly and severally liable for the claims alleged in this Complaint.

28.     At all relevant times, Defendants were the employers or joint employers of Plaintiffs and the members of the FLSA Collective and Colorado Class, within the meaning of the applicable statutes.

29.     At all relevant times, each Defendant has employed Plaintiffs and the members of the FLSA Collective and Colorado Class, within the meaning of the applicable statutes.

30.     At all relevant times, each Defendant is a covered employer within the meaning of the FLSA, the Wage Claim Act and CWO and has been and continues to be an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

31.     At all relevant times, each Defendant has had gross revenues in excess of $500,000.00.

32.     Defendants issued paychecks to Plaintiffs and the members of the FLSA Collective and Colorado Class during their employment.

33. Defendants directed the work of Plaintiffs and the members of the FLSA Collective and Colorado Class, and benefited from work performed that Defendants suffered or permitted from them.

34. Plaintiffs and the members of the FLSA Collective and Colorado Class worked in excess of 40 hours per workweek, without receiving overtime compensation for all those hours worked over 40 each workweek, as required by the FLSA.

35. Pursuant to Defendants' policy, pattern and/or practice, Defendants did not pay Plaintiffs and the members of the FLSA Collective and Colorado Class proper straight-time and overtime wages for all hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

<strong><u>COMMON FACTUAL ALLEGATIONS</u></strong>

36. Defendants employed Plaintiffs and the members of the FLSA Collective and Colorado Class as CCPs.

37. Defendants maintain control, oversight, and discretion over the operation of their call centers, including their employment practices with respect to Plaintiffs and the members of the FLSA Collective and Colorado Class.

38. The work of Plaintiffs and the members of the FLSA Collective and Colorado Class CCPs was performed in the normal course of Defendants' business and was integrated into that business.

39. Consistent with Defendants' policy, pattern and/or practice, Plaintiffs and members of the FLSA Collective and Colorado Class regularly worked in excess of 40 hours per workweek without being paid overtime wages for all of their straight-time and overtime hours worked, in violation of the FLSA, the Wage Claim Act and CWO.

40.     The scheduled hours of Plaintiffs and each individual member of the FLSA Collective and Colorado Class worked per week can be ascertained from Defendants' records.

41.     Defendants have assigned all of the work that Plaintiffs and the members of the FLSA Collective and the Colorado Class have performed, and Defendants are aware of the work that they have performed.

42.     Plaintiffs and the members of the FLSA Collective and Colorado Class performed the same "primary job duties," including call center work, such as answering customer calls and customer service.

43.     Plaintiffs' and the members of the FLSA Collective's and Colorado Class's primary job duties were non-exempt in nature, such that Defendants are required to classify Plaintiffs and the members of the FLSA Collective and Colorado Class as non-exempt employees, entitled to overtime premium pay for all hours worked over 40 per workweek.

44.     Defendants required Plaintiffs and the members of the FLSA Collective and Colorado Class to perform overtime work, off the clock and without compensation, in violation of the FLSA, the Wage Claim Act and CWO.

45.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants failed to pay Plaintiffs and the members of the FLSA Collective and Colorado Class for the straight-time and overtime work which they required CCPs to perform off the clock and without compensation, in violation of the FLSA, the Wage Claim Act and CWO.

46.     Defendants knew or recklessly disregarded the fact that they failed to pay Plaintiffs and members of the FLSA Collective and Colorado Class for all of their straight-time and overtime hours worked.

47. As parts of a sophisticated international conglomerate, Defendants were aware or recklessly disregarded the fact that by failing to pay Plaintiffs and members of the FLSA Collective and Colorado Class all straight-time and overtime hours they worked, they violated the FLSA, the Wage Claim Act and CWO. Inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA, Wage Claim At and CWO, they, accordingly, acted willfully or recklessly in failing to properly compensate Plaintiffs and members of the FLSA Collective and Colorado Class for all hours worked over 40 per workweek.

48. Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA, the Wage Claim Act and CWO.

49. As part of their regular business practice, Defendants intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA, Wage Claim Act and CWO with respect to Plaintiffs and the members of the FLSA Collective and Colorado Class. This policy, pattern and/or practice includes, but it is not limited to the foregoing knowledge of its obligations and the straight-time and overtime work that Plaintiffs and the members of the FLSA Collective and Colorado Class were and have been performing without compensation, and that, as a result, Defendants have been willfully failing to pay Plaintiffs and members of the FLSA Collective and Colorado Class for all straight-time and overtime hours worked, in violation of the FLSA, Wage Claim Act and the CWO.

50. Defendants' willful violations of the FLSA are further demonstrated by the fact that Defendants failed to maintain accurate and sufficient time records for Plaintiffs and the members of the FLSA Collective and Colorado Class. Defendants acted recklessly or in willful

disregard of the FLSA, the Wage Claim Act and CWO by instituting a policy and/or practice that did not allow Plaintiffs and the members of the FLSA Collective and Colorado Class to record all hours worked.

51.     Due to the foregoing, Defendants' failure to pay Plaintiffs and the members of the FLSA Collective and Colorado Class straight-time and overtime wages for work performed in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

52.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims on behalf of themselves and the FLSA Collective consisting of all persons who are currently or were formerly employed by Defendants as CCPs employed by Defendants within the United States at any time on or after September 16, 2013 to the entry of judgment in this case (the "FLSA Claims Period").

53.     Defendants are jointly and severally liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiffs and the members of the FLSA Collective.

54.     There are many similarly situated current and former CCPs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

55.     The members of the FLSA Collective are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## COLORADO CLASS ALLEGATIONS

56.     Plaintiffs sue on their own behalf and on behalf of the Colorado Class as defined above, pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) (the "Colorado Class Representatives").

57.     The Colorado Class Representative seeks to prosecute their Wage Claim Act and CWO claims on behalf of themselves and the Colorado Class consisting of all persons who are currently or were formerly employed by Defendants as CCPs in the State of Colorado at any time within the applicable statute of limitations in this case (the "Colorado Claims Period").

58.     Excluded from the Colorado Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Colorado Class.

59.     The persons in the Colorado Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants and ascertainable.  Upon information and belief, there are at least 100 members of the Colorado Class.

60.     Defendants have acted or refused to act on grounds generally applicable to the Colorado Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Class as a whole.

61.     There are questions of law and fact common to the Colorado Class that predominate over any questions solely affecting individual members of the Colorado Class, including but not limited to:

      a.   whether Defendants have failed and/or refused to pay Plaintiffs and the Colorado Class proper pay for all of the straight-time and overtime hours worked in excess of 40 hours per workweek within the meaning of the Wage Claim Act and CWO;

      b.   the nature and extent of the class-wide injury and the appropriate measure of damages for the Colorado Class;

      c.   whether Defendants had a uniform policy and practice of failing to accurately track or record actual hours worked by the members of the Colorado Class;

      d.   whether Defendants furthered their uniform policy and practice of failing to accurately track or record actual hours worked by the members of the Colorado Class by instructing them:  (i) not to track all hours they worked; (ii) not to record all of their straight-time and overtime hours worked; (iii) failing to provide the members of the Colorado Class with a method to accurately record the hours they actually worked; and (iv) requiring the Colorado Class members to under-state the number of hours they actually worked;

      e.   whether Defendants' policy and practice of failing to accurately track or record hours worked by the members of the Colorado Class was willful; and

      f.   whether Defendants can prove that their unlawful policies were implemented in good faith.

62.     The claims of the Colorado Class Representatives are typical of the claims of the Colorado Class she seeks to represent.  The Colorado Class Representatives and the other Colorado Class members work or have worked for Defendants and have been subjected to their policy, pattern or practice of failing to pay for all straight-time and overtime wages for hours worked in excess of 40 hours per week.  Defendants acted and refused to act on grounds generally applicable to the Colorado Class, thereby making declaratory relief with respect to the Colorado Class appropriate.

63.     The Colorado Class Representatives will fairly and adequately represent and protect the interests of the Colorado Class.  The Colorado Class Representatives understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.  The Colorado Class Representatives recognize that as class representatives, they must represent and consider the interests of the Colorado Class Representatives just as they would represent and consider their own interests.  The Colorado Class Representatives understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class.  The Colorado Representatives recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Colorado Class.  The Colorado Class Representatives understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify at deposition and/or trial.

64.     The Colorado Class Representatives have retained counsel competent and experienced in complex class action and wage and hour litigation.

65.     A class action is superior to other available methods for the fair and efficient adjudication of the Wage Claim Act and CWO claims, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

66.     The members of the Colorado Class have been damaged and are entitled to recovery because of Defendants' common and uniform policies, practices and procedures.  Although the relative damages suffered by individual Colorado Class members are not *de*

*minimus,* such damages are small compared to the expense and burden of bringing individual cases.

67.     Class treatment of the Colorado Class claims is superior because it will obviate the need for duplicative litigation that may result in inconsistent judgments about Defendants' practices.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES**
<u>**(On behalf of Plaintiffs and the FLSA Collective)**</u>

68.     Plaintiffs, on behalf of themselves and the members of the FLSA Collective, reallege and incorporate by reference the preceding paragraphs.

69.     At all relevant times, Defendants employed Plaintiffs, and employed or continue to employ, each of the members of the FLSA Collective within the meaning of the FLSA.

70.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

71.     Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

72.     At all relevant times, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

73.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendants.

74.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75.     At all relevant times, each of the Defendants employed the Plaintiffs and the members of the FLSA Collective as an employer or a joint employer, all as further alleged herein.

76.     At all relevant times, Plaintiffs and the members of the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

77.     The members of the FLSA Collective are similarly situated because they all perform or performed the same primary duties, responsibilities and activities, and all are subject to Defendants' common policy and practice, implemented throughout the United States, of failing to credit and pay them overtime compensation in violation of the FLSA.

78.     At all relevant times and continuing to the present time, Defendants had a policy and practice of refusing to its CCPs overtime compensation for all of the hours worked over 40 in a work week.

79.     As a result of Defendants' willful failure to compensate their employees, including Plaintiffs and the members of the FLSA Collective, at a rate not less than one and one-half times the regular rate of pay for all work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

80.     As a result of Defendants' willful failure to record, report, credit and/or compensate its employees, including Plaintiffs and the members of the FLSA Collective, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

81.     As a result of Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the members of the FLSA Collective, are entitled to recover from Defendants (a) their unpaid wages for all of the hours worked by them, as overtime compensation, (b) an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, and (c) reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b), with such amounts to be determined at trial or through undisputed record evidence.

82.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SECOND CAUSE OF ACTION
## COLORADO WAGE ORDER:  UNPAID STRAIGHT-TIME AND OVERTIME WAGES
### (On behalf of the Colorado Class Representatives and the Colorado Class)

83.     The Colorado Class Representatives reallege and incorporate by reference all allegations in the preceding paragraphs.

84.     Defendants engaged in a widespread policy, pattern or practice of violating the CWO, as described in this Complaint.

85.     Defendants' violations of the CWO, as described in this Complaint, have been willful and intentional.

86.     At all times relevant, the Colorado Class Representatives and the members of the Colorado Class were employees and Defendants were employers within the meaning of CWO.

87.     Each of the Defendants employed the Colorado Class Representatives and the members of the Colorado Class as an employer or a joint employer, all as further alleged herein.

88.     The Colorado Class Representatives and the members of the Colorado Class were persons suffered or permitted to work by Defendants, all as further alleged herein.

89.     At all materials times, the Colorado Class Representatives and the Colorado Class members are not and have not been independent contractors or subcontractors.

16

90.     The members of the Colorado Class are similarly situated because they all perform or performed the same primary duties, responsibilities and activities, and all are subject to Defendants' common policy and practice, implemented throughout Colorado, of failing to credit and pay them straight-time and overtime compensation in violation of the CWO.

91.     The straight-time and overtime wage provisions of the CWO apply to Defendants and protect the Colorado Class Representatives and the Colorado Class members.

92.     Defendants failed to pay the Colorado Class Representatives and the other members of the Colorado Class the straight-time and overtime wages to which they are entitled under the CWO.

93.     Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Colorado Class Representatives and the members of the Colorado Class and failed to furnish to each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

94.     By Defendants' knowing or intentional failure to pay the Colorado Class Representatives and the members of the Colorado Class straight-time and overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the CWO.

95.     Due to Defendants' violations of the CWO, the Colorado Class Representatives and the Colorado Class members are entitled to recover from Defendants, jointly and severally, the relief requested herein.

**THIRD CAUSE OF ACTION**
**COLORADO WAGE CLAIM ACT: UNPAID WAGES AND COMPENSATION**
**<u>(On behalf of the Colorado Class Representatives and the Colorado Class)</u>**

96.     The Colorado Class Representatives reallege and incorporate by reference all allegations in the preceding paragraphs.

97. Defendants engaged in a widespread policy, pattern or practice of violating the Wage Claim Act, as described in this Complaint.

98. Defendants' violation of the Wage Claim Act, as described in this Complaint, have been willful and intentional.

99. At all times relevant, the Colorado Class Representatives and the members of the Colorado Class were employees and Defendants were employers within the meaning of the Wage Claim Act.

100. Each of the Defendants employed the Colorado Class Representatives and the members of the Colorado Class as an employer or a joint employer, all as further alleged herein.

101. The Colorado Class Representatives and the members of the Colorado Class were persons suffered or permitted to work by Defendants, all as further alleged herein.

102. At all material times, the Colorado Class Representatives and the Colorado Class members are not and have not been independent contractors or subcontractors.

103. The members of the Colorado Class are similarly situated because they all perform or performed the same primary duties, responsibilities and activities, and all are subject to Defendants' common policy and practices, implemented throughout Colorado, of failing to credit and pay them all wages and compensation in violation of the Wage Claim Act.

104. The wage payment provisions of the Wage Claim Act apply to Defendants and protect the Colorado Class Representatives and the Colorado Class members.

105. Defendants failed to pay the Colorado Class Representatives and the other members of the Colorado Class for all wages and compensation to which they are entitled under the Wage Claim Act.

106. Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by the Colorado Class Representatives and the members of the Colorado Class and failed to furnish accurate records of time worked by the Colorado Class Representatives and the members of the Colorado Class and failed to furnish to each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

107. By Defendants' knowing or intentional failure to pay the Colorado Class Representatives and the members of the Colorado Class all wages and compensation, they have willfully violated the Wage Claim Act.

108. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the FLSA, Wage Claim Act and CWO, thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

109. Due to Defendants' violations of the Wage Claim Act, the Colorado Class Representatives and the Colorado Class members are entitled to recover from Defendants, jointly and severally, the relief requested herein. The Class Representatives hereby demand payment on their own behalf and on behalf of all Colorado Class members in an amount sufficient to provide compensation for all straight-time and overtime hours worked. This demand for payment is continuing and is made on behalf of any current employees of Defendants whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed addresses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the members of the FLSA Collective and Colorado Class are entitled to and pray for the following relief:

A.     Designation of this action as an FLSA collective action on behalf of Plaintiffs and the members of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

B.     Certification of the Colorado Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiffs Coker and Johnson and their counsel to represent the members of the Colorado Class;

C.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA, Wage Claim Act and CWO;

D.     An award of unpaid wages for all hours worked including but not limited to those in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA, Wage Claim Act and CWO;

E.     An award of liquidated, statutory penalties and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked including but not limited to those in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to the FLSA, Wage Claim Act and CWO;

F.     An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

G.     An award of prejudgment and post-judgment interest;

H.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payments to the Plaintiffs; and

I.    Such other and further relief as this Court deems just and proper.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact

raised by the Complaint.

Dated: January 19, 2017
        Boca Raton, FL                              Respectfully submitted,


                                                    /s/ Gregg I. Shavitz
                                                    Gregg I. Shavitz
                                                    E-mail: gshavitz@shavitzlaw.com
                                                    **SHAVITZ LAW GROUP, P.A.**
                                                    1515 S. Federal Highway, Suite 404
                                                    Boca Raton, Florida 33432
                                                    Telephone: (561) 447-8888
                                                    Facsimile: (561) 447-8831

                                                    Brian D. Gonzales
                                                    E-mail: bgonzales@coloradowagelaw.com
                                                    **THE LAW OFFICES OF BRIAN D.**
                                                    **GONZALES, PLLC**
                                                    242 Linden Street
                                                    Fort Collins, Colorado 80524
                                                    Telephone: (970) 214-0562

                                                    ***Attorneys for Plaintiffs, the FLSA Collective and***
                                                    ***the Colorado Class***

DocuSign Envelope ID: 3A906DA2-D74D-4BA1-AB6C-2658DE951DCE

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), **<u>Zurich American Insurance Company</u>**, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_Hannah Coker_
DocuSigned by:
Hannah Coker
_____
Signature

Hannah Coker
_____
Print Name

## CONSENT TO JOIN FORM

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), **Zurich American Insurance Company**, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

Allison Johnson
_____
Print Name