IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00166-RBJ

HANNAH COKER and ALLISON JOHNSON,
on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

ZURICH AMERICAN INSURANCE COMPANY,
a foreign corporation; AMERICAN ZURICH
INSURANCE COMPANY, a foreign corporation;
and THE ZURICH SERVICES CORPORATION, a
foreign corporation,

    Defendants.

## DECLARATION OF GREGG I. SHAVITZ

I, Gregg I. Shavitz, pursuant to 28 U.S.C. § 1746, declare as follows:

    1.    I am a partner in the firm of the Shavitz Law Group, P.A. ("SLG") in Boca Raton, Florida.

    2.    I am a member in good standing of the bar of the state of Florida.

    3.    Along with attorney Brian D. Gonzales from The Law Offices of Brian D. Gonzales, PLLC ("Gonzales") (collectively, "Plaintiffs' Counsel"), SLG and its attorneys are the lawyers primarily responsible for prosecuting Plaintiffs' claims.

    4.    I submit this declaration in support of the parties' Unopposed Motion for Approval of Settlement. I have personal knowledge of the matters set forth herein and would so testify if called as a witness at trial.

**Litigation History**

5.  On August 19, 2016, Plaintiffs' Counsel sent a letter to Zurich American Insurance Company, American Zurich Insurance Company and Zurich Services Corporation (collectively, "Zurich") detailing Plaintiffs' claims that Zurich violated the FLSA by allegedly failing to pay call center Plaintiffs and other similarly-situated hourly, non-exempt Zurich Customer Care Representatives ("CCRs") all earned wages for all overtime worked, and inviting the parties to discuss potential resolution without the need for litigation. While Zurich denied the allegations in their entirety, the parties agreed to execute a tolling agreement to permit pre-suit discussions to continue, and began exchanging data and documents to further analyze the claims.

6.  Despite Plaintiffs' request that Zurich disclose the size and scope of the putative collective at issue, Zurich was unwilling to share this information. Rather, Zurich only provided information, data, and documents related to Plaintiffs' individual claims. Additionally, Zurich did not discount Plaintiffs' belief that there was more than one call center potentially at issue in this matter. Eventually, the parties were unable to reach a resolution, resulting in Plaintiffs proceeding with filing this matter on January 22, 2017.

7.  Shortly after commencement of this action, Zurich filed a Motion to Dismiss Plaintiffs' State-Law Claims, and subsequently, a Motion to Strike a term in Plaintiffs' Complaint's prayer for relief. In order to minimize unnecessary expense and legal fees, Plaintiffs effectively conceded both of these motions by dismissing their state law claims and dropping any claim for punitive damages. Moreover, Zurich's Motion to Strike could have been resolved without any briefing had Zurich simply "met and conferred" with Plaintiffs regarding its intention file a Motion to Strike before doing so.

8.  In the ensuing three months, the parties engaged in discovery. Plaintiffs and

Zurich both issued and responded to interrogatories and requests for production, and took depositions of the three plaintiffs and Zurich's Fed. R. Civ. Proc. 30(b)(6) corporate representative.

9. The parties agreed that the time period immediately following the completion of discovery and prior to conditional certification presented the best opportunity to resolve this matter. At this point in the litigation, both sides faced soon-to-be-realized, significant risk such as, fees and costs to be expended on "representative" discovery (which would yield discovery helpful to one party or the other), final certification/decertification of the collective, and dispositive motion briefing. The litigation risk for both parties provided an opportunity for a favorable resolution on Plaintiffs' individual claims above and beyond what they might otherwise expect had litigation continued. Thus, on August 22, 2017, the parties conducted a day long mediation with the aid of experienced and well-regarded mediator Kathryn E. Miller, Esq. While they made significant progress, the parties were unable to settle at that time.

10. Although the matter was not settled at mediation, the parties continued to discuss their positions over the course of the next approximately 45 days. Subsequently, on October 6, 2017, the parties executed the Settlement Agreement, subject to the Court's approval. Under the Settlement Agreement, the three Plaintiffs collectively will receive $22,400.85, which is at least four times their reported unpaid wages. Given that FLSA liquidated damages would only double the amount of unpaid wages, this settlement amount is a significant windfall for Plaintiffs.

11. Only after negotiating this damages payment to Plaintiffs did undersigned counsel separately negotiate a fair and reasonable payment for their incurred fees and expenses, based on a reduction of the actual fees incurred to date and the outcome achieved for the Plaintiffs. As Plaintiffs' settlement award was negotiated prior to and exclusive of Plaintiffs' Counsel

considering their fees and costs, the parties agreed that any reduction in Plaintiffs' Counsel's fee award and cost will revert back to Zurich.

12. Based on Plaintiffs' Counsel experience in litigating such matters, the settlement achieved is a significant recovery for Plaintiffs, representing far more than Plaintiffs could have hoped to achieve had litigation continued, even considering the FLSA's potential imposition of liquidated (i.e., double) damages. Moreover, Plaintiffs' Counsel's fees and costs incurred in litigating this matter is reasonable considering the complexity of this matter as well as the favorable outcome secured for Plaintiffs.

**Firm and Attorney Experience and Background**

13. SLG has significant experience prosecuting wage and hour individual, collective, and class actions.

14. Since the founding of SLG in 1999, the firm has represented employees in thousands of unpaid overtime and minimum wage claims in both individual cases and collective and class actions across the United States. The firm is highly experienced in individual, collective, and class action litigation for unpaid wages.

15. In recent years, the firm has served or been appointed as class counsel or co-class counsel in the following cases, among others:

*Amador v. Morgan Stanley & Co, LLC.*, S.D.N.Y. Case 11 Civ 4326

*Beckman v. KeyBank, N.A.*, S.D.N.Y. Case No. 12 Civ. 7836

*Besic v. Byline Bank, Inc., et al.*, N.D. Ill. Case No.15 C 8003

*Biscoe-Grey v. Sears Holding Corp.*, S.D. Fla. Case No. 09-81408-Civ-Marra / Johnson

*Calabresi v. TD Bank, N.A., E.D.N.Y. Case No. 13 Civ. 0637*

*Cerrone v. KB Home Florida, LLC et al.*, S.D. Fla. Case No. 07-14402-Civ-Martinez

*Clem v. Keybank, N.A.*, S.D.N.Y. Case No. 13 Civ. 789

*Danley v. Office Depot, Inc., et al.*, S.D.F.L. Case No. 9:14-cv-81469-KAM

*Davis v. Armed Forces Bank, N.A.,* Case No. 562015 CA 000814 (July 29, 2015 Order – Circuit Court 19th Judicial Circuit in & for St. Lucie County).

*Ellerd v. County of Los Angeles, C.D. Cal.* Case No. CV05-1211 SVW (CWX)

*Fiore v. Goodyear Tire & Rubber Co.*, M.D. Fla. Case No. 2:09-CV-843-FtM-29SPC

*Heitzenrater, et al. v. Officemax, Inc., et al.,* No. 12 Civ. 900S (W.D.N.Y.)

*Hernandez v. Merrill Lynch & Co., Inc., et al.*, S.D.N.Y. Case No. 11 Civ. 8472

*Hosier v. Mattress Firm, Inc.*, M.D. Fla. Case No. 3:10-cv-00294-TJC-JRK

*Lewis v. Iowa College Acq. Corp. & Kaplan Higher Educ. Corp.*, S. D. Fla. Case No. 08-61011-Civ-Jordan

*Long v. HSBC USA Inc.*, S.D.N.Y. Case No. 14-cv-6233

*Mancia V. HSBC Securities (USA) Inc.,* No. 9400/2015 (S. Ct. NY)

*Mayfield v. Lennar Corp.*, M.D. Fla. Case No. 6:08-cv-426-Orl-31-DAB

*McCue v. MB Financial, Inc. et al.*, E.D. Ill. Case No. 15 cv 988

*Nash v. CVS Caremark Corp.*, D.R.I.Case No. 09 Civ. 79

*Palacio v. E*TRADE Financial Corp., et al.*, S.D.N.Y. Case No. 10 Civ. 4030

*Patterson v. Palm Beach County School Board*, No. 07 Civ. 80240 (S.D. Fla.)

*Prena v. BMO Financial Corp.*, et al., N.D. Ill. Case No. 1:14-cv-09175

*Puglisi v. TD Bank N.A.,* E.D.N.Y. Case 13 Civ 6037 (2014-2015)

*Raley v. Kohl's Corporation, et al.*, M.D. Fla. Case No. 8:09-cv-2340

*Robbins v. Abercrombie & Fitch Co.*, W.D.N.Y. Case No. 15-cv-6187

*Roberts v. TJX Companies, Inc., et al.*, D. Mass. Case No. 13-cv-13142

*Romero v. Florida Power & Light Company*, M.D. Fla. Case No. 6:09-cv-1401-Orl-35-GJK

*Saliford v. Regions Financial Corp. et al.*, S.D. Fla. Case No. 10-610310-CIV-Torres

*Simpkins v. Pulte Home Corporation*, M.D. Fla. 6:08-cv-00130-PCF-DAB

*Stallard v. Fifth Third Bank, et al*, P.A.W.D. Case No. 2:12-cv-01092

*Stewart v. Prince Telecom, et al.*, S.D.N.Y. Case No. 10-civ-4881

*Wright v. Flagstar Bank FSB et al., E.D. MI. Case No. 13 Civ. 15069*

*Yuzary v. HSBC Bank USA, N.A.*, S.D.N.Y. Case No. 12 Civ. 3693

*Zeltser v. Merrill Lynch & Co., Inc., et al.*, S.D.N.Y. Case No. 13 Civ 1531

16. I am an experienced trial attorney and member of the bar of the U.S. District Court for the Southern District of Florida and the Florida Bar since 1994, and am AV rated by Martindale Hubbell. My practice concentrates on representing plaintiffs in FLSA cases. I have represented tens of thousands of such plaintiffs over that period of time. Additionally, I have lectured in the past at seminars sponsored by the Labor and Employment Section of the Florida Bar, and have spoken at the Labor and Employment Section Certification Review Seminar on two separate occasions as well as the Academy of Florida Trial Lawyers Workhorse Seminars. I have also been awarded Florida Trend Magazine's Legal Elite for various years including 2014 and 2015 in the area of Labor & Employment law; South Florida Legal Guide – Top Lawyer List – 2009-2017; South Florida Legal Guide – Top Lawyer Up and Comer – Wage and Hour law – 2004, 2006, and 2009; and Florida Super Lawyers – Super Lawyer – Employment and Labor – 2013-2016; among other awards and honors. I have also earned the distinction of Top Lawyer in Palm Beach Illustrated (2011) and am a lifelong fellow of the Florida Bar Foundation.

17. I have held the highest AV Peer Review Rating from LexisNexis Martindale-Hubbell for preeminent attorneys from 2000 to the present.

18. I am a graduate of the University of Miami School of Law with an undergraduate degree from Tufts University.

19. I have been admitted to the Florida Bar since 1994 and am also admitted to U.S. District Courts for the Southern, Middle and Northern Districts of Florida, District of Colorado, the United States Eleventh Circuit Court of Appeals, and United States Third Circuit Court of Appeals.

20. Attorney Christine Duignan is Of Counsel to SLG and provides litigation support in complex wage and hour actions arising under the FLSA and Rule 23, in a variety of jurisdictions nationally. Ms. Duignan has worked for the Shavitz Law Group, P.A. for more than a decade and regularly works on behalf of workers to ensure fair treatment and compensation in the workplace. Ms. Duignan also handles appeals in cases involving a wide variety of employment matters. Ms. Duignan is a 1988 graduate of the University of Tampa and received her Juris Doctor degree from the University of Florida in 1991. She has been a member of the Florida bar since 1991, and is also admitted to practice in the U.S. District Court for the Southern District of Florida, United States Court of Appeals for the Eleventh Circuit, and the United States Supreme Court.

21. Attorney Paolo C. Meireles has been an Associate Attorney with SLG since 2012. After receiving his Juris Doctor degree from Fordham University in 2010, he was admitted to the New Jersey and New York Bars in November 2010 and February 2011, respectively. Mr. Meireles relocated and became a member of the Florida Bar in September 2011. Mr. Meireles is also admitted to the Second Circuit Court of Appeals and the U.S. District Courts for the Southern District of Florida, the Middle District of Florida, the Northern District of Florida, the Northern District of New York, the Southern District of New York, the District of

New Jersey, the Eastern District of Michigan, the Northern District of Ohio, and the District of Colorado.

**Attorneys' Fees and Expenses Incurred in the Litigation**

22. Plaintiff's Counsel's skill and experience were directly responsible for bringing about the positive settlement in the instant case and weigh in favor of granting the requested fees.

23. Due to the experience of its attorneys in representing workers in litigation of this type, SLG is adept at minimizing duplication of efforts and maximizing billing judgment. SLG makes every effort to have work performed by the attorney or paralegal with the lowest hourly rate who is able to effectively perform each task.

24. The hours reported are reasonable for a case of this complexity and were compiled from contemporaneous time records maintained by each attorney, paralegal, and support staff person participating in the case.

25. In prosecuting this case as lead counsel, SLG invested 188.4 hours, billing $66,850.00, to investigate the case, prepare initial pleadings, engage in motions practice, conduct written discovery, prepare for depositions, and prepare for mediation, broken down as follows:

| Name | Title | Hourly Rate | Total Hours | Total Fee |
|---|---|---|---|---|
| Gregg I. Shavitz | Partner | $500/hour[1] | 11.10 | $5,550.00 |
| Christine Duignan | Of Counsel | $500/hour | 16.30 | $8,150.00 |
| Paolo C. Meireles | Associate | $350/hour | 145.00 | $50,750.00 |
| Paralegal/Law Clerk | Paralegal/Law Clerk | $150/hour | 16.00 | $2,400.00 |
| TOTAL | | | 186.8 | $66,850.00 |

26. In addition, SLG, along with Gonzales, advanced all of the incurred litigation expenses for the benefit of the Plaintiffs. The costs were necessary for the representation of the

---

[1] While Gregg I. Shavitz and Christine Duignan's rates are typically higher. However, both individuals reduced their rates for this matter only to be more in line with fees typically charged in the 10th Cir. and the District of Colorado.

Plaintiffs. SLG incurred $5,285.64 in costs, in addition to Gonzales's incurred costs, which are outlined below:

| Expense | Amount |
| --- | --- |
| Filing Fees | $ 400.00 |
| Attorney and/or Plaintiff Transportation (airlines, taxis, parking, mileage, tolls) | $ 27.00 |
| Attorney and/or Plaintiff Lodging and Meals | $ 699.50 |
| Deposition and Court Reporter | $ 1,266.00 |
| Mediation | $ 2,719.75 |
| Courier and Postage | $ 173.39 |
| **TOTALS** | **$ 5,285.64** |

      27.    In total, Plaintiffs' Counsel's lodestar investment in this case is $106,550.00 (representing a total of 266.2 in billed time) plus actual costs of $6,819.64. In the exercise of professional billing judgment, however, and given that the case did not proceed as a collective action, Plaintiffs' Counsel believes that a reduction in its lodestar is reasonable. As discussed in the Motion, the parties have negotiated a flat payment of attorney's fees and costs in the amount of $77,599.15 (reflecting $70,779.51 in fees and $6,819.64 in costs). This reflects an approximate 34% reduction in Plaintiffs' Counsel's actual lodestar.

      I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: Boca Raton, FL
       October 30, 2017

*[signature]*

_____
Gregg I. Shavitz
**SHAVITZ LAW GROUP, P.A.**
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888